UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **DANIEL FRANCIS EGGINK**, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 17-cv-608 (TSC) |
| **DONALD J. TRUMP et al.**, | ) ) ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OPINION

Plaintiff Daniel Eggink, proceeding *pro se*, has filed suit against Donald Trump, Doug Burgum (Governor of North Dakota), Jack Dalrymple (Former Governor of North Dakota), Kyle Kirchmeier (Morton County North Dakota Sheriff), Allen Koppy (Morton County State's Attorney), and Kelcy Warren (CEO of Energy Transfer Partners). (Amend. Compl. ¶¶ 14, 18, 23-24, 26, 41). Plaintiff asserts that he was involved in the Standing Rock protests over the Dakota Access Pipeline Project and was arrested, along with other protesters. (Amend. Compl. ¶ 4-8, Amend. Compl. at Mem. of Law ¶¶ 5, 27, 30, 31).[1] He cites violation of countless (mostly criminal) statutes in his thirty-two page Amended Complaint and accompanying fifty page "Memorandum of Law." He describes his Amended Complaint as a "criminal complaint" and seeks relief in the form of a "Grand Jury indictment of the Defendants . . . and a Grand Jury trial for the federal crimes alleged" in the

---

[1] Plaintiff mentions a specific arrest, as well his arrest as a member of the Standing Rock protest. It is unclear how many times he was arrested and whether or not any multiple arrests were associated with the protests.

Page **1** of **5**

complaint. (Amend. Compl. p. 1; *id*. ¶ 3). He also appears to assert claims for Fourth Amendment constitutional violations in connection with his arrest by North Dakota State Troopers. (*See id*. ¶¶ 48; *id*. at Mem. of Law ¶¶ 31). Sheriff Kirchmeier and State's Attorney Koppy have jointly filed a Motion to Dismiss, arguing that this court lacks personal jurisdiction over them. (ECF No. 5). The court agrees.[2]

Plaintiff alleges that Koppy described protesters as a "mob." (Amend. Compl. ¶ 18). Kirchmeier allegedly managed an "operation" that spent millions of dollars in an attempt to intimidate the protesters. (Amend. Compl ¶ 22). Plaintiff makes no other allegations involving these specific Defendants, but generally alleges that the Defendants, *inter alia*, violated the protesters' rights. (*See e.g.,* Amend. Compl. ¶¶ 44; Amend. Compl. at Mem. of Law ¶ 11, 13, 21).

Defendants argue that these allegations are insufficient to establish personal jurisdiction. Both Defendants assert they reside and do business in Morton County, North Dakota, have not had any continuous or systematic contact with the District of Columbia, are not domiciled here, and do not maintain a business here. (Defs. Br. p. 6).

On May 10, 2017, this court ordered Plaintiff to respond to Defendants' Motion to Dismiss by June 2. (ECF No. 7). In that order, the court informed Plaintiff that it might treat as conceded any of Defendants' arguments that he failed to address in his response. Plaintiff filed a response, but

---

[2] Defendants also seek dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to assert a claim for which relief can be granted Given this court's finding that it lacks personal jurisdiction over Kirchmeier and Koppy, the court declines to reach Defendants' Rule 12(b)(6) argument. However, with respect to Plaintiff's criminal claims, this court notes that "[c]ourts are 'quite reluctant to infer a private right of action from a criminal prohibition alone.'" *Peavey v. Holder*, 657 F. Supp. 2d 180, 190–91 (D.D.C. 2009), *aff'd*, No. 09-5389, 2010 WL 3155823 (D.C. Cir. Aug. 9, 2010) (alterations omitted) (citing *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.,* 511 U.S. 164, 190 (1994)).

failed to address the personal jurisdiction argument.  Rather, he argued that the Defendants had not "given any evidence for dismissal" and had not refuted the facts he alleged in his complaint.  (Pls. Response p. 2, ECF No. 9).  He asserted that Kirchmeier was the "Commander on the scene" and acted outside of his constitutional authority during the protests, (*id*. p. 3), and that Koppy maliciously prosecuted Plaintiff and presented false claims and fraudulent statements in court for the purpose of depriving the "victims" of their rights.  (*Id*. pp. 3-4).  Finally, Plaintiff argued that both Defendants were not protected by immunity.  (*Id*.)

Plaintiff later filed a supplemental response (without leave of court), but still did not provide any facts or substantive arguments that might refute the Defendants' jurisdiction argument.  (*See* ECF No. 10).  Instead, Plaintiff argued in support of Defendants' culpability, federal subject matter jurisdiction generally, and subject matter jurisdiction of the District of Columbia federal courts in particular.  (*See e.g., id*. pp. 3 ¶ 1, p. 6 ¶ 5, p. 7-8).  Plaintiff also admitted that he filed this lawsuit in this District because of his "inability to get a hearing of his complaint" in the North Dakota federal district court.  (*Id*. p. 9).[3]

Plaintiff bears the burden of establishing a basis for the exercise of personal jurisdiction, *Crane v. N.Y. Zoological Soc.,* 894 F.2d 454, 456 (D.C. Cir.1990), by alleging "specific acts connecting [the] defendant with the forum."  *Second Amend. Found. v. U.S. Conference of Mayors,* 274 F.3d 521, 524 (D.C. Cir. 2001) (alteration in original) (internal quotation marks omitted).  Courts in this district exercise jurisdiction under the following standard:

> In this Circuit, courts determine whether personal jurisdiction may be exercised by reference to District of Columbia law. A District of Columbia court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or

---

[3]  This case is Plaintiff's only lawsuit listed in PACER.  Thus, it appears he never filed a complaint in North Dakota federal court.

maintaining his or its principal place of business in, the District of Columbia as to any claim for relief.  D.C. Code § 13–422.  Exercise of this so-called "general jurisdiction" requires that the defendant's contacts within the forum be "continuous and systematic" in order for the defendant to be forced to defend a suit arising out of any subject matter unrelated to the defendant's activities within the forum.

Alternatively, the District Court for the District of Columbia may exercise "specific jurisdiction" to entertain controversies based on acts of a defendant that touch and concern the forum. To determine whether it may exercise specific jurisdiction over a particular defendant, a court must engage in a two-part inquiry.  First, the Court must determine that the District of Columbia's long arm statute, D.C. Code § 13–423, authorizes jurisdiction.  In relevant part, the D.C. long-arm statute provides that a District of Columbia court may exercise personal jurisdiction over a person as to a claim for relief arising from the person's:

    (1) transacting any business in the District of Columbia;

    (2) contracting to supply services in the District of Columbia;

    (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

    (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;

    (5) having an interest in, using, or possessing real property in the District of Columbia . . . .

D.C. Code § 13–423.  Importantly, where jurisdiction is based solely on the D.C. long-arm statute, only a claim for relief <u>arising from acts enumerated in this section</u> may be asserted against the defendants.

*Halim v. Donovan,* No. 12–cv–00384, 2013 WL 595891, at *4 (D.D.C. Feb. 15, 2013), (emphasis in original) (internal citations and quotations omitted), *reconsideration denied* 951 F. Supp. 2d 201 (2013).

There is nothing in the Amended Complaint which suggests Kirchmeier or Koppy took any actions in or directed at the District of Columbia, owned property, transacted business or caused any

injuries here. To the contrary, all of the Defendants' alleged acts appear to have occurred in North Dakota. In the absence of specific factual allegations connecting Defendants' conduct with the District of Columbia, Plaintiff has failed to meet his burden of establishing that this court has personal jurisdiction over the Defendants.

Accordingly, the court will GRANT Defendants' motion and dismiss all claims asserted against them for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

The Clerk of the Court shall mail a copy of this order to:

> **DANIEL FRANCIS EGGINK**
> 557 Francisco Boulevard
> San Rafael, CA 94901

Date: July 3, 2017

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge