**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Daniel Francis Eggink, | ) | |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| Donald J. Trump, et. al., | ) | Case No. 1:18-cv-075 |
| | ) | |
| Defendants. | ) | |

Before the court are motions filed by the plaintiff, Daniel Eggink ("Eggink"), seeking, as best as the undersigned can determine, leave of court to file a second amended complaint joining sixty-two additional defendants, assert additional claims, and otherwise proceed on behalf of others similarly situated as well as the issuance of a "[t]emporary injunction stopping the shipment of Bakken Oil to China and stopping the flow of oil through the Dakota Access Pipeline." Chief Judge Hovland has referred these motions to the undersigned for preliminary consideration. For the reasons set forth below, the undersigned recommends that the court deny these motions. Additionally, the undersigned recommends that the court dismiss what remains of this matter without prejudice.

I.   **BACKGROUND**

Plaintiff Daniel Eggink is a resident of San Rafael, California. Proceeding *pro se*, he filed suit against President Donald Trump, North Dakota Governor Doug Burgum, former North Dakota Governor Jack Dalrymple, Morton County Sheriff Kyle Kirchmeier, Morton County State's Attorney Allen Koppy, and Kelcy Warren in the District of Columbia *pro se* on April 5, 2017. (Doc. 1). His apparent impetus for filing this suit was his arrest and criminal prosecution while in

1

North Dakota protesting construction of the Dakota Access Pipeline in 2016.

The District of Columbia Clerk's office issued summonses to Eggink on April 5, 2017. The following day Eggink filed a 31-page Amended Complaint and 50-page "Memorandum of Law," in which he chronicled the Dakota Access Pipeline protest, his participation in it, and what he asserts were the unlawful, unconstitutional, unethical efforts undertaken by defendants to quash it, and what he asserts was his unlawful arrest and malicious prosecution by state authorities. (Doc. 2).

None of the aforementioned summonses were returned executed. Counsel did, however, enter an appearance on behalf of two of the six named defendants, Sheriff Kirchmeier and Morton County State's Attorney Koppy, and filed a motion to dismiss for lack of personal jurisdiction, which the United States District Court for the District of Columbia granted in a memorandum opinion dated July 3, 2017. (Doc. Nos. 3, 5, 11, and 12). [1]

On March 27, 2018, the United States District Court for the District of Columbia issued a memorandum opinion and order in which it transferred what remains of this action to the District of North Dakota. (Doc. No. 18).

On June 20, 2018, the undersigned issued an order to show cause. Observing that the record was devoid of any indication that Eggink had effectuated service on the remaining defendants in the year following the initiation of this action, the undersigned gave Eggink until August 3, 2018, to file proof of service upon the remaining defendants or otherwise show cause why it should not dismiss what remains of this matter for failure to prosecute.

On July 30, 2018, plaintiff filed a document captioned "Proof of Service of Document" in

---

[1] To date no one has entered an appearance on behalf of President Trump, Kelcy Warren, or Governors Burgum and Dalrymple.

which he declared the following under penalty of perjury:

> A true and correct copy of the documents entitled Criminal Complaint, Amended Civil Complaint, and Memorandum of Law in Support of Amended Complaint, was served in the manner stated below.

> On or by May 1, 2017, I served the following persons and/or entities at the last known addresses in this case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, certified postage prepaid and addressed as follows.

> The documents for this case were filed in the Federal District Court in District of Columbia, to honorable Judge Tanya Chutkan.

> Plaintiff in this case is Daniel Franciss Eggink, on my own behalf, and representing an injured class of similarly situated people.

> Defendants named in this case who have been served are:

> Donald J. Trump,
> Kelcy Warren,
> Jack Dalrymple,
> Doug Burgum,
> Kyle Hirchmeier,
> Allen Koppy

> Defendants who have already responded by their representative attorneys are, Kyle Kirchmeyer and Allan Koppy.

(Doc. No. 26). [2]

On September 17, 2017, plaintiff filed a document titled "Notice of Motion to Amend Pleadings to Join Parties, Specific Factual Allegations, Specific Relief Requested Rule 15(a)(2); Petition for Declaratory Judgement of Probable Cause for Warrant; Request for Temporary Restraining Order and Permanent Injunction; Reservation of Rights (UCC 1-308)." On September

---

[2] Although he attests that service was effectuated, he did not file executed summonses or the receipts evincing services or otherwise explain how he effectuated service. Consequently, the court cannot definitively ascertain whether he served the respective parties in accordance with requirements Rules 4(e), 4(i), and/or 4(j) of the Federal Rules of Civil Procedure.

3

20, 2017, plaintiff filed a document titled "Notice of a Motion to Amend Pleadings to Join Parties to Add Specific Factual Allegations, and Specific Relief Requested Rule 15(a)(2); Petition for Declaratory Judgement of Probable Cause for Warrant; Class Action Certification; Request for Temporary Restraining Order and Permanent Injunction; Reservation of Rights UCC 1-308."  He seeks: (1) leave to recast this matter as a class action; (2) leave to join an additional sixty-two defendants; (3) a declaration from the court that there is probable cause to believe that defendants have engaged in criminal activities and the unlawful criminal prosecution of pipeline protesters; and (4) a "[t]emporary injunction stopping the shipment of Bakken Oil to China and stopping the flow of oil through the Dakota Access Pipeline."  (Doc. No. 28)  .

## II.   DISCUSSION

### A.   Eggink's Motions

#### 1.   Request for Class Certification

Insofar as Eggink seeks to recast this matter as a class action, his request should be denied. Because Eggink is not an attorney licensed to practice before this court, he  can only represent himself.  He cannot represent others as doing so would be tantamount to the unauthorized practice of law.  See Simon v.  Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir.  2008) ("[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiff's from pursuing claims on behalf of others in a representative capacity."); see also Jones  ex.  rel. v. Corr. Med. Servs., 401 F.3d 950, 951–52 (8th Cir. 2005) (finding that a non-attorney administrator of decedent's estate may not proceed pro se on behalf of estate); Gross v.  United States, No. 06–4211, 2009 WL368664, at * 1 (D.S.D. Feb.  13, 2009) (opining that a pro se plaintiff was "not permitted to litigate the claims of the Estate or beneficiaries of the Estate, with or without their consent, because doing so would

4

amount to engaging in the practice of law on behalf of others"); <u>see</u> <u>also</u> D.N.D. Gen. L.R. 1.3 (B) and (C) (setting forth the eligibility and admission requirements for the bar of this court); <u>cf.</u> N.D.C.C. § 27-11-01 ("[A] person may not practice law, act as an attorney or counselor at law in this state, or commence, conduct, or defend in any court of record of this state, any action or proceeding in which the person is not a party concerned, nor may a person be qualified to serve on a court of record unless that person has: 1. Secured from the supreme court a certificate of admission to the bar of this state; and 2. Secured an annual license therefor from the state board of law examiners.").

This court "has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it." <u>Ramirez v T&H Lemont, Inc.</u>, 845 F.3d 772, 776 (7th Cir. 2016). In exercise of this authority, the court should not permit Eggink to recast this case as a class action and serve as de facto counsel for putative class members. <u>Cf.</u> <u>Jones ex. rel.</u>, 401 F.3d at 952 (8th Cir. 2005) (affirming the district court's order dismissal on motion by a defendant of an action filed by a non-attorney on behalf of plaintiff-estate); <u>Wetzel v. Schlenvogt</u>, 2015 ND ¶ 12, 705 N.W.2d 836 ("We hold that when a case is commenced on behalf of a corporation by a non-attorney agent, the case and all documents signed by the non-attorney agent are void from the beginning."). The undersigned shall next address Eggink's request to further amend his pleadings.

### 2.      Request to Further Amend Pleadings

Eggink is endeavoring to join, by the undersigned's count, sixty-two additional private and public sector defendants with real or perceived connections to the oil industry or apparent regulatory authority over it. He claims that this group of sixty-two plus is conspiring to undermine our system of government. Specifically, he asserts:

> The Defendants are shown in this complaint to have been knowing and willful participants in an organised criminal conspiracy, that involves a conspiracy to commit major fraud against the constitutional government of the United States of America, to deprive rights, and a violation of several federal laws and North Dakota state laws, as well as standards of ethics required for governmental officials and campaign contributions.  This case involves a discriminatory and malicious denial of equal protection of the laws of the United States and, the State of North Dakota.  The actions of the Defendants, under color of law, have been orchestrated <u>to corrupt government officials</u> and departments in order to accomplish private <u>interests of industry stakeholders</u> and to harass, intimidate, and oppress political opponents, and <u>sweep aside the valid claims of and rights of real interested parties</u> who have provable damages, and are threatened by the ongoing conspiracy of the Defendants.
>
> The allegations in this complaint show <u>a continual tort that is ongoing to this day</u>.  A substantial amount of the actions of the conspirators, giving rise to this action, has taken place in Mandan, North Dakota, in the offices of the District Attorney and Sheriff's Department, the North Dakota "State and Local Intelligence center," and in Bismarck offices of the State Government, governor, Industrial Commission, and Public Services Commission, as well as The Williston Basin Petroleum Conference.  This <u>unlawful industry cartel</u> and affiliated state, federal and tribal government allies, continues to threaten and harm Eggink, and the class of similarly situated injured parties.  Plaintiff, Daniel Eggink, and others, are directed injured by the attacks, assault, and harassment that were continuously applied to a peaceful assembly of people in order to further the political agendas of wealthy oil industry entrepreneurs such as Harold Hamm, Kelcy Warren, Patrick Pouyanne, the Koch brothers, etc.
>
> The plaintiff in this case has been compelled by necessity, to report these crimes and sue for damages caused to him, and to enter on the record his first hand knowledge facts of such crimes, as required by federal law, which states that anyone having such knowledge of crimes committed, must report it to an offer of the law to investigate [18 U.S.C. § 2382] [18 U.S.C. § 4] as plaintiff has done by this action in this court, because no only is he **a witness** to manifested violence and felonious acts resulting from the conspiracy of Defendants in this case, and an injured party, Eggink and other co-plaintiffs are under continual threat of further harm from the Defendants, including threat to his reputation, his life, property, and physical safety.

(Doc. No. 27, pp. 4 and 5) (emphasis, errors, and citations in original). He goes on to assert that

more than 800 people, himself included, who peaceably assembled near Cannonball, North Dakota,

in 2016 to protest the construction of the Dakota Access Pipeline were unlawfully arrested and

maliciously prosecuted; that said protesters were harassed and brutalized by local law enforcement,

that defendants committed fraud against the United States in general and Native Americans in particular; and that defendants violated the Sioux Nation's allodial rights.

Rule 15 of the Federal Rules of Civil Procedure provides in relevant part that a party may amend his pleadings once as matter of course and thereafter may only amend its pleadings with the opposing parties written consent or the court's leave.  Fed. R. Civ. P. 15(a)(1) and (2).  It is generally left to the court's discretion whether to grant leave to amend the pleadings.  Gamma-10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir. 1994); Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 224 (8th Cir. 1994); Brown v. Wallace, 957 F.2d 564, 566 (8th Cir. 1992).

Unless there is a good reason for denial, such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend is generally granted.  Becker v. Univ. of Nebraska at Omaha, 191 F.3d 904, 908 (8th Cir. 1999); Brown v. Wallace, 957 F.2d 564, 566.  "Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous."  Becker v. Univ. of Nebraska at Omaha, 191 F.3d at 908.

As Eggink filed an Amended Complaint while this matter was still pending in the District of Columbia, he requires leave from this court before further amending his pleadings.  Now having reviewed the pending motions along with everything else Eggink has filed to date, the undersigned strongly recommends that the court deny his request for leave.  Given the sheer number of additional defendantd that Eggink seeks to join, the fact that these additional defendants have no apparent connection to the conduct at the core of Eggink's original claims (Eggink's arrest and

prosecution in North Dakota),[3] Eggink's sweeping generalizations and conclusory allegations, and, as the discussed in greater detail below, the reality that many of the remedies being sought are simply unavailable, the court should find the proposed amendments to be frivolous on their face.

### 3.      Request for Criminal Prosecution

One of the remedies sought by Eggink is the criminal prosecution of defendants.  However, it is well settled that private citizens have neither a constitutional nor common law right to right to a criminal investigation.  See e.g., Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); Parkhurst v. Tabor, 569 F.3d 861, 865–67 (8th Cir. 2009) (crime victims lack standing to compel a criminal prosecution); Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation."); Koger v. Florida, 130 Fed. App'x 327, 335, 2005 WL 1027204, *6 (11th Cir. 2005); cf. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); Dohaish v. Tooley, 670 F.2d 934, 935 (10th Cir. 1982); Fulson v. City of Columbus, 801 F. Supp. 1, 6 (S.D. Ohio 1992) ("Thus, courts have generally declined to recognize standing on the part of victims of crimes to bring a § 1983 action based upon lack of prosecution of others.").  Consequently, Eggink's motions should be denied insofar as they call for referral of defendants for criminal prosecution.  The undersigned shall next address Eggink's request for a temporary restraining order.

### 4.      Request for Issuance of a Temporary Restraining Order

---

[3] Warren Buffett, Bill Gates, U.S. Secretary of Transportation Elaine Chao, Enron, Comcast, the American Bar Association, Comcast, and IBM are amongst the sixty-two individuals and/or entities that Eggink seeks to join as defendants.  Why he wants them joined is unclear.  The fact that he wants them joined lends his submissions an air of frivolity.

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, in determining whether injunctive relief should be issued, the court must look to the specific facts shown by affidavit(s) to determine whether immediate and irreparable injury, loss, or damage will result to the applicant. In determining whether preliminary injunctive relief should be issued, the court is required to consider the factors set forth in <u>Dataphase Systems, Inc., v. C.L. Sys. Inc.</u>, 640 F.2d 109, 114 (8th Cir. 1981) (*en banc*). The Eighth Circuit summarized those factors as follows:

> When considering a motion for a preliminary injunction, a district court weighs the movant's probability of success on the merits, the threat of irreparable harm to the movant absent the injunction, the balance between harm and the injury that the injunction's issuance would inflict on other interested parties, and the public interest. <u>Dataphase Systems, Inc. v. C.L. Sys. Inc.</u>, 640 F.2d 109, 114 (8th Cir. 1981) (*en banc*). We reverse the issuance of a preliminary injunction only if the issuance "is the product of an abuse of discretion or misplaced reliance on an erroneous legal premise." <u>City of Timberlake v. Cheyenne River Sioux Tribe</u>, 10 F.3d 554, 556 (8th Cir. 1993) *cert. denied* 512 U.S. 1236, 114 S.Ct. 2741, 129 L.Ed. 2d 861 (1994).

<u>Pottgen v. Missouri State High School Activities Association</u>, 40 F.3d 926, 929 (8th Cir. 1994).

The burden of establishing the necessity of a temporary restraining order or a preliminary injunction is on the movant. <u>Baker v. Electric Co-op, Inc. v. Chaske</u>, 28 F.3d 1466, 1472 (8th Cir. 1994); <u>Modern Computer System, Inc. v. Modern Banking System, Inc.</u>, 871 F.2d 734, 737 (8th Cir. 1989) (*en banc*). "No single factor in itself is dispositive; in each case all of the factors must be considered to determine whether on balance they weigh towards granting the injunction." <u>Baker Electric Co-op</u>, 28 F.3d 1472 (quoting <u>Calvin Klein Cosmetics Corporation v. Lenox Labs, Inc.</u>, 815 F.2d 500, 503 (8th Cir. 1987).

The document submitted by Eggink is devoid of any <u>Dataphase</u> analysis and no affidavits have been filed clearly showing that immediate and irreparable injury, loss, or damage will result to Eggink. Having carefully considered the motion and the record as a whole, the undersigned

concludes that Eggink has failed to meet his burden under Rule 65 of the Federal Rules of Civil Procedure.  None of the <u>Dataphase</u> factors weigh in favor of granting an injunction in this case. Consequently, the undersigned recommends that the court deny Eggink's motions insofar as they call for the imposition of a temporary restraining order.

    **B.**    **Dismissal**

        **1.**    **Application of the <u>Younger</u> Abstention Doctrine**

Eggink's pending motions aside, the undersigned recommends that the court dismiss what remains of this action pursuant to the <u>Younger</u> abstention doctrine.  In so doing, the undersigned urges to take judicial notice of the "Register of Action" in Eggink's pending state case.

Again, the apparent impetus for the initiation of this action and core of the Eggink's Amended Complaint is his  arrest and prosecution in North Dakota.  The "Register of Actions" for Eggink's state case are publicly available on the North Dakota Supreme Court's website.[4]It reflects that Eggink was indeed arrested in North Dakota and charges with three offenses classified as Class B misdemeanors under state law.  More critically, it reflects that this matter is still pending.

Under the abstention doctrine that the Supreme Court articulated in <u>Younger v. Harris</u>, 401 U.S. 37, 43-44 (1971), "federal courts should not 'interfere with state court proceedings' by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings"—when the state forum provides an adequate avenue for relief. <u>Weitzel v. Div. of Occupational & Prof'l Licensing</u>, 240 F.3d 871, 875 (10th Cir.2001) (quoting <u>Rienhardt v. Kelly</u>, 164 F.3d 1296, 1302 (10th Cir.1999)).  This refusal to exercise federal jurisdiction arises from a desire to "avoid undue interference with states'

---

[4] A copy of the"Register of Actions" for Eggink's state case is attached as an exhibit to this Report and Recommendation.

conduct of their own affairs." J.B. ex rel. Hart v. Valdez, 186 F.3d 1280, 1291 (10th Cir.1999) (quoting Seneca-Cayuga Tribe v. Oklahoma, 874 F.2d 709, 711 (10th Cir.1989)).

For Younger abstention to be appropriate, three elements must be present: (1) interference with an ongoing state judicial proceeding; (2) involvement of important state interests; and (3) an adequate opportunity afforded in the state court proceedings to raise any relevant federal claims. Ploufe v. Ligon, 606 F.3d 890, 892 (8th Cir. 2010). When all of the elements mandating abstention clearly exist in the record, courts may, and should, address application of the Younger abstention doctrine sua sponte. See Bellotti v. Baird, 428 U.S. 132, 143 n. 10 (1976) (stating that "abstention may be raised by the court sua sponte"); Morrow v. Winslow, 94 F.3d 1386, 1390–91 & n. 3 (10th Cir.1996) (raising and applying the Younger abstention doctrine sua sponte).

All three elements are present in the instant case. Eggink's state case remains open and active. Consequently, this court should stay its hand.

The fact that Eggink may have to endure state criminal proceedings does not constitute irreparable harm for purposes of the Younger abstention doctrine. See Lewellen v. Raff, 843 F.2d 1103, 1109 (8th Cir. 1988) (citing Younger, 401 U.S. at 46, for the proposition that the requisite threatened injury must be more than simply "the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution."). This is particularly true here since there is no basis for concluding that a plaintiff will not be able to pursue the federal constitutional issues related to arrest and prosecution in the state courts.

### 2.    Standing

Insofar as Eggink is endeavoring to sue individuals and entities, both private and public, for their purported role in some amorphous conspiracy, four things are worth noting. First, Eggink can

of course alert law enforcement and elected officials to his concerns, but he has neither a constitutional nor a statutory right to a criminal investigation for the reasons previously articulated. Second, Eggink is not a law unto himself; he cannot criminally prosecute individuals in his claimed capacity of private attorney general. Third, he cannot act as counsel for others who he asserts are similarly aggrieved as doing so would be tantamount to the unauthorized practice of law. Fourth, there is the matter of standing, a jurisdictional issue that the court must examine sua sponte. See B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir.1999) ( "[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing."); Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); see also Bernhardt v. Cty. of Los Angeles, 279 F.3d 862, 868 (9th Cir. 2002) (opining that the court has both the power and duty to sua sponte examine the adequacy of a plaintiff's standing).

To satisfy Article III's standing requirements, a plaintiff must show (1) she has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Friends of the Earth, Inc., v. Laidlaw Environmental Services, 528 U.S. 167, 180–81 (2000). To satisfy prudential standing requirements, the plaintiff also must show she falls within the "zone of interests" of the applicable law.

Here, Eggink appears unable to satisfy these requirements with respect to this claims regarding the squandering of state resources, violations of the Fort Laramie Treaty, land rights of the Sioux Nation, and the disruption of government functions.

III.    **CONCLUSION AND RECOMMENDATION**

The undersigned recommends that the court deny Eggink's motions (Doc. No. 27 and 28) and, pursuant to the <u>Younger</u> abstention doctrine, dismiss what remains of the above-captioned action without prejudice.

IV.    **NOTICE OF RIGHT TO FILE OBJECTIONS**

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. However, given that plaintiff is in custody and is proceeding pro se, he shall have thirty (30) days from service to file any objections.  Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 4th day of January, 2019.

*/s/ Charles S. Miller, Jr.* _____
Charles S. Miller, Jr., Magistrate Judge
United States District Court

13